IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE SANCHEZ-ANGELES | § | |
| | § | |
| V. | § | A-17-CV-600 LY |
| | § | |
| WARDEN J. BALTAZAR | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Jose F. Sanchez-Angeles's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. GENERAL BACKGROUND

On February 17, 2004, in the Western District of Texas Petitioner Jose F. Sanchez-Angeles pled guilty to a five-count indictment charging him with: (1) conspiring to smuggle, transport, and harbor illegal aliens in violation of 8 U.S.C. § 1324; (2) harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); (3) providing a firearm to an illegal alien in violation of 18 U.S.C. § 922(d)(5)(A); (4) conspiring to use a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and (5) conspiring to take one or more hostages in violation of 18 U.S.C. § 1203. On April 22, 2004, he was sentenced to 120 months of imprisonment for Counts 1–3, 240 months of imprisonment for Count 4, and life imprisonment for Count 5 (all to run concurrently), followed by three years supervised release on Counts 1–4, and five years supervised release on Count 5, to run concurrently. Sanchez appealed his sentence, which was affirmed on July 27, 2005. On June 21,

2006, Sanchez filed a motion to vacate the sentence under 28 U.S.C. § 2255, which the court denied on the merits. *See United States v. Sanchez-Angeles*, No. 1:03-CR-309-LY, Dkt. No. 55 (W.D. Tex. July 3, 2007). Sanchez then filed a second motion to vacate on November 2, 2009, but this was dismissed as successive. On May 19, 2017, Sanchez filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582, which the Court construed as a Motion to Vacate and also dismissed as successive. Finally, Sanchez filed the instant Petition for Writ of Habeas Corpus under § 2241.

## II. ANALYSIS

In the instant § 2241 Petition, Sanchez argues that he is actually innocent of (1) his conviction under 18 U.S.C. § 924(c), and (2) his conviction under 8 U.S.C. § 1324(a)(1). Because Sanchez is attacking errors that occurred at or prior to his sentencing, his claims are outside the scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452. Lopez filed three previous § 2255 motions, and as such his § 2241 petition should be dismissed. *Lopez*, No. 1:11-CR-360(5)-SS, Dkt. No. 820.

The Court may nevertheless address Sanchez's claims through the so called "savings clause" provision of § 2255 if Lopez can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he

2

was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

However, this Court does not have jurisdiction to entertain Lopez's petition. "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). As Lopez is currently incarcerated in United States Penitentiary, Canaan in Waymart, Pennsylvania, only the Middle District of Pennsylvania would have jurisdiction to entertain this petition. *See* 21 U.S.C. § 118. It should therefore be dismissed.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Jose Sanchez-Angeles's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) for lack of jurisdiction.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within

3

fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of August, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE